UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZHI MING ZHANG,
                            Petitioner,

-v-

KENNETH GENALO, *et al.*,
                            Respondents.

25-CV-8772 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    Petitioner Zhi Ming Zhang is a citizen of the People's Republic of China who has lived in the United States for thirty-five years. (ECF No. 1 ("Pet.") ¶ 9.) As a condition of his Order of Supervision ("OSUP"), Zhang was required to report periodically to an Immigration and Customs Enforcement ("ICE") office. (Pet. ¶ 26; ECF No. 15 ("Kish Decl.") ¶ 15.)

    On February 27, 2025, Zhang reported to the ICE field office for a routine check-in and was arrested and detained pursuant to 8 U.S.C. § 1231. (Pet. ¶ 30; Kish Decl. ¶ 24.) On April 7, 2025, the Eastern District of New York issued a warrant for Zhang's arrest in connection with a pending sentencing for a 2019 conviction.[1] (Kish Decl. ¶ 28.) In June 2025, Zhang was released from ICE custody into the custody of the U.S. Marshals and held at the Metropolitan Detention Center ("MDC Brooklyn") in advance of his sentencing hearing in the Eastern District of New York. (*Id*. ¶ 29.) On October 22, 2025, Zhang was sentenced to time served, two years of supervised release, and various monetary judgments. (No. 18-CR-419 (E.D.N.Y.), Minute Entry

---

[1] On August 16, 2018, Zhang was arrested in connection with trademark counterfeiting charges after a grand jury indicted him for Conspiracy to Traffic in Counterfeit Goods and Attempted Smuggling in violation of 18 U.S.C. §§ 2320(a), 371, 545. (Kish Decl. ¶¶ 20-21.) Zhang was later released and granted deferred action on his removal until 2023 due to his pending criminal trial. (*Id*. ¶ 21.) On February 7, 2019, pursuant to a plea agreement, Zhang was convicted of two federal felonies and released on bond pending sentencing. (*Id*. ¶ 22.)

1

on October 22, 2025.)  Zhang was then returned to ICE custody pursuant to an ICE detainer. (ECF No. 22 at 2-3.)

At 8:59 a.m. on October 23, 2025—the day after Zhang was sentenced—he filed the present petition for a writ of habeas corpus.  (ECF No. 1.)  This Court issued an order to show cause on the same day.  (ECF No. 4.)  After three requests for extensions, all of which this Court granted, Respondents (the "Government") filed their response to the order to show cause.  (ECF Nos. 14-16.)  On November 13, 2025, this Court held a telephonic hearing.  Because the parties' briefing contained inconsistencies as to Zhang's whereabouts on October 23, 2025, this Court ordered supplemental briefing on where Zhang was located at the time of the filing of his petition.  (ECF No. 21.)

The Government filed its supplemental letter on November 19, 2025, in which it stated: "After Zhang's sentencing hearing in the Eastern District of New York, on October 23, 2025 at approximately 10:46 a.m., USMS returned Zhang from MDC Brooklyn to ICE custody, and ICE transported him to the Elizabeth Contract Detention Facility in Elizabeth, New Jersey, where he remains detained pending his removal from the United States."  (ECF No. 22 at 1.)  Zhang, however, provided evidence on reply that he was detained at 26 Federal Plaza in Manhattan from the morning to the late afternoon of October 23, 2025.  (*See* ECF No. 24 at 1-2; ECF No. 24-2 at 4.)  Given this apparent discrepancy, the Court ordered the Government to provide any additional evidence it may have of where Zhang was located when his habeas petition was filed.  (ECF No. 25.)

On December 1, 2025, in response to this Court's order, the Government filed a sworn declaration from Supervisory Detention and Deportation Officer Reese Clews, stating that "[o]n October 23, 2025, at approximately 10:00 a.m. EST, ICE took Zhang into custody from the

2

USMS in Brooklyn, New York and transported him to the ERO New York Field Office located at 26 Federal Plaza, New York, New York[.]"  (ECF No. 26-1 ¶ 5.)  On reply, Zhang does not provide any evidence to refute Officer Clews's declaration that Zhang was transported from Brooklyn to 26 Federal Plaza around 10:00 a.m., approximately one hour after his habeas petition was filed.  (*See generally* ECF No. 28.)

The Government's delay in providing a precise account of Zhang's whereabouts on October 23, 2025 has unnecessarily prolonged the Court's effort to determine proper venue.  Nevertheless, because Officer Clews' declaration is unrefuted, the Court finds that Zhang was in Brooklyn at the time his habeas petition was filed, and that jurisdiction and venue in this habeas corpus action brought under 28 U.S.C. § 2241 therefore properly lie in the United States District Court for the Eastern District of New York.  *See Ozturk v. Hyde*, 136 F.4th 382, 391 (2d Cir. 2025); *Khalil v. Joyce*, 771 F. Supp. 3d 268, 286-92 (S.D.N.Y. 2025).  The Order at ECF No. 20 enjoining Petitioner's removal from the United States shall remain in effect unless and until the transferee court orders otherwise.  *See Khalil*, 771 F. Supp. at 291.

Accordingly, this case is hereby **TRANSFERRED** pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Eastern District of New York.  The Clerk of Court is directed to transfer the case **immediately**, and the seven-day waiting period in Local Rule 83.1 is waived.

SO ORDERED.

Dated: December 9, 2025
   New York, New York

_____
J. PAUL OETKEN
United States District Judge