UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ZHI MING ZHANG,

        Petitioner,

   v.

KENNETH GENALO, New York City Field Office Director, U.S. Immigration and Customs Enforcement, KRISTI NOEM, U.S. Secretary of Homeland Security; PAMELA BONDI, U.S. Attorney General,

        Respondents.

ORDER
25-CV-06781 (NRM)

NINA R. MORRISON, United States District Judge:

In advance of oral argument scheduled for December 22, 2025, Respondents are ordered to produce the following documents and, if necessary, supplemental written responses as set forth below by 12:00pm noon on December 18, 2025.

First, Respondents shall produce a copy of the Order of Supervision (or "OSUP") to which they refer in their Opposition to the Petition. Opp. Memorandum ("Opp."), ECF No. 16. Respondents have filed an Order of Supervision dated May 14, 2012 as an Exhibit. Ex. E, ECF No. 14-5. However, this OSUP does not contain much of the language quoted in Respondents' Opposition that Respondents represent as being taken verbatim from the OSUP. For example, the Opposition states that the OSUP expressly advised Zhang that he was prohibited from committing crimes or "be[ing] associated with any such activity," but there is no such language in the filed SUP. *Compare* Opp. at 3–4, *with* Ex. E at 2. Respondents also claim that the OSUP "further warned Zhang that any violation of the conditions 'may result in you being

1

taken into Service Custody and you will be criminally prosecuted.'" Opp. at 4. This quoted language is also not present in the filed OSUP. *See* Ex. E at 2. Respondents shall produce the OSUP(s) cited in their Opposition, or otherwise provide a written explanation to the Court as to the apparent discrepancies between the representations in their briefing and the filed OSUP.

Second, the declaration of Deportation Officer Rocco Kish states that ICE obtained a "valid travel document from the consulate of China" for Zhang on May 23, 2012, which expired three months later. Kish. Decl. ¶ 16, ECF No. 15. Respondents shall produce a copy of this travel document.

Third, the February 27, 2025 Notice of Revocation of Order of Supervision states that "a travel document has been procured" to effect Zhang's removal. Ex. I at 10, ECF No. 14-9. This appears to refer to a new 2025 travel document that has been obtained by ICE. Respondents shall also produce this copy of this travel document, if it exists.

Finally, despite the aforementioned representation in the Notice of Revocation as to a recently "procured" travel document, Respondents have also represented that ICE is currently in the process of obtaining a new travel document in connection with Zhang's anticipated removal from the United States. *See, e.g.*, Opp. at 2, 6, 15, & 18–19; Kish Decl. ¶¶ 32, 33. According to Respondents' submissions, ICE first detained Zhang on February 27, 2025, forfeited custody to the U.S. Marshals Service on June 22, 2025, and re-detained Zhang on October 23, 2025. *See* Opp. at 6; Kish Decl. ¶¶ 24, 29, 31. It has been 292 days since Zhang's initial detention, at which time ICE

informed Zhang that his "removal is now imminent." Ex. I at 10. It has also been 54 days since Zhang's renewed detention by ICE following the conclusion of his criminal proceedings.

On December 1, 2025, Respondents filed a letter with the Hon. Paul Oetken stating that Zhang's removal was "reasonably foreseeable" because once ICE "submits the travel document request to the Chinese embassy," "[i]ssuance of the requested travel document may occur within 7-10 days from the date of the request," and "[r]emoval to China can usually be completed within two weeks of obtaining valid travel documents." Supp. Letter to J. Oetken at 1, ECF No. 26. Respondents have also represented that "[o]n November 4, 2025, Zhang completed identification verification documents required by ICE and the Consulate of China to obtain travel documents." Kish. Decl. ¶ 32.

In light of these assertions, Respondents shall produce any travel document that has been procured for Zhang from the Consulate of China at any time since he was first taken into ICE custody on February 27, 2025. If Respondents have not yet obtained any such document, they shall provide a written explanation to the Court as to the status of that process, including, but not limited to, whether the Consulate of China has responded to such request(s). If Respondents have received any response to their request(s) for travel documents from the Consulate of China, they shall provide the Court with a copy of any written or electronic communications received from Chinese officials in connection with these request(s).

/s/ Nina R. Morrison
NINA R. MORRISON
United States District Judge

Dated:    December 16, 2025
              Brooklyn, New York